[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: REQUEST FOR ATTORNEYS' FEES
The motion for supplemental attorneys' fees is denied. The plaintiff's request for an award of attorneys fees is based on General Statutes § 52-249. This statute authorizes the court to award costs, "including a reasonable attorney's fee," to "[t]he plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has beena hearing as to the form of judgment or the limitation of timefor redemption. . ." (emphasis added). On May 30, 1996, a judgment of foreclosure by sale was opened, modified, and re-entered. Attorneys' fees were not taxed as a cost at the time although attorneys' fees had been taxed as a cost on other occasions when judgment was entered. Except for the recent hearing on the Motion for supplemental attorneys' fees, there has not been a hearing on this case since May 30, 1996.
The sale date has passed. Based on a review of the affidavit submitted by the plaintiff in connection with the motion for supplemental attorneys' fees, and comments made during oral argument by plaintiff's counsel and defendant Barry L. Reade, the court concludes that the sale did not occur and that the parties worked out a settlement agreement. According to Mr. Reade, part of the settlement agreement included an escrow account for the plaintiff's legal fees. Whether an agreement as to legal fees existed is not relevant to the court's decision on this motion. The court notes that some of the services for which the plaintiff now seeks a payment from Mr. Reade occurred before February 26, 1996, which was the last date the court awarded attorneys' fees. On that date, judgment was opened, modified, and re-entered.
The present request for attorneys' fees is not being made "upon obtaining judgment of foreclosure" as required by General Statutes § 52-249. Judgment was obtained in 1996. The motion for fees was filed on September 3, 1997. In the absence of specific statutory authorization, this court cannot award attorneys' fees. Accordingly, the motion for supplemental attorneys' fees is denied. CT Page 13615
THIM, JUDGE.